60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Manuel Joe NIETO, Petitioner-Appellant,
v.
William DUNCAN, Warden, et al., Respondents-Appellees.
 No. 94-16052.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1995.
Decided June 30, 1995.
 
 Before: GIBSON,* GOODWIN, and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner, Manuel Joe Nieto ("Nieto"), was convicted of second-degree murder, vehicular manslaughter, and driving under the influence causing death, in violation of California Penal Code Secs. 187 and 192(3)(a) [now appearing as Sec. 192(c)] and California Vehicle Code Sec. 23153(a), respectively. After the California Supreme Court affirmed his convictions, Nieto collaterally challenged them by seeking habeas relief in California state courts. Both the California Court of Appeal and the California Supreme Court denied his petition. Nieto then applied for habeas relief with the federal district court, which rejected his petition and granted summary judgment against him. In the instant appeal, Nieto contends that his convictions for both murder and vehicular manslaughter were logically inconsistent and, thus, violated due process. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and we affirm.
 
 Due Process
 
 3
 We review the district court's denial of a habeas corpus petition de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir. 1991). To the extent it is necessary to review factual findings, the clearly erroneous standard is applicable. Id. Nieto points out that under California law, a second-degree murder conviction requires a finding of malice (Cal. Penal Code Sec. 187(a)), whereas a conviction for vehicular manslaughter does not require such a finding (Cal. Penal Code Sec. 192(3)(a)). Because the two crimes involve potentially conflicting mental states, Nieto argues that his convictions for both second-degree murder and vehicular manslaughter are logically inconsistent and thereby violate due process under the Fourteenth Amendment. He contends the second-degree murder conviction cannot stand.
 
 
 4
 We have considered the same argument in Masoner v. Thurman, 996 F.2d 1003 (9th Cir.), cert. denied, 114 S. Ct. 643 (1993). In Masoner, we stated:
 
 
 5
 We hold that a due process challenge to a jury verdict on the ground that convictions of multiple counts are inconsistent with one another will not be considered if the defendant cannot demonstrate that the challenged verdicts are necessarily logically inconsistent. If based on the evidence presented to the jury any rational fact finder could have found a consistent set of facts supporting both convictions, due process does not require that the convictions be vacated.
 
 
 6
 Id. at 1005. In making this determination, we look to the jury instructions as given. Id. at 1005-06. In this case, as in Masoner, the jury was not instructed that it must find an absence of malice as an element of the crime of vehicular manslaughter. No mention of malice was made in the instructions on that count. However, in the instructions on the second-degree murder count, a finding of malice was required by the instructions in order to render a verdict of guilty on that count. Thus, it is apparent that the jury made the required finding of malice on the second-degree murder conviction.
 
 
 7
 The petitioner argues that the reading at the beginning of the trial of the vehicular manslaughter charge, which contained the phrase "without malice," created a possible conflict. However, the actual instructions to the jury as to what was required to find a particular verdict is what determines the nature of what the jury found in rendering its verdict.
 
 
 8
 This case is controlled by Masoner. In that case as in this, the jury found the required element of malice, necessary for the second-degree murder conviction. The murder conviction in this case does not violate due process.
 
 
 9
 Although not raised on appeal, we comment for completeness on the double jeopardy question raised in the district court. Nieto was convicted of both second-degree murder and vehicular manslaughter, but he was only sentenced on the second-degree murder charge. Sentencing was stayed on the vehicular manslaughter charge (as well as the charge of driving under the influence). As the district court correctly noted, the Double Jeopardy Clause was not violated here. The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after an acquittal, (2) a second prosecution for the same offense after a conviction, and (3) multiple punishments for the same crime. United States v. DiFrancesco, 449 U.S. 117, 129 (1980) (quoting Illinois v. Vitale, 447 U.S. 410, 415 (1980)). Here there has been no second prosecution and no multiple punishment.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3